UNITED STATES COURT OF APPEALS
**Filed 2/4/97**
TENTH CIRCUIT

CRAIG MILES GOODWIN, a/k/a Curtis
Meyer,

      Plaintiff-Appellant,

v.

HAROLD CARMEL, DR.; ALBERT O.
SINGLETON, III, M.D.; MARY LOU
JUDISCAK; LOU BROTHERS; KEN
TAFOYA,

      Defendants-Appellees.

No. 96-1084
(D.C. No. 95-Z-1236)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge; **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Craig Miles Goodwin appeals from an order granting summary judgment on his complaint alleging certain civil rights violations. We have examined the record and agree with the recommendations of the magistrate judge and the subsequent holdings of the district court in substantial part and affirm those holdings essentially for the reasons cited in the dispositive orders. Although the district court correctly dismissed Mr. Goodwin's claim alleging denial of access to the courts, we affirm on a different basis.

In his complaint, and here on appeal, Mr. Goodwin contends his right of access was denied because his legal materials were taken away from him; he was not able to mail legal documents; he was not able to use legal books for research; and, while admitting consultation with a legal consultant, he was unable to obtain satisfaction from that person, and was not provided with the services of a lawyer. These alleged deprivations notwithstanding, Mr. Goodwin has not alleged any consequences occurred because of them.

He has not claimed, for example, that he was unable to meet a filing deadline in a court and the time has passed; nor has he suggested he was deprived of the opportunity to file an action which is now barred. Indeed, he has not related those alleged deprivations to any legal action, pending or contemplated. In short, he merely alleges a generic claim of deprivations which were inconsequential. Such assertions do not reach constitutional proportions and are properly dismissed. ***See Lewis v. Casey,*** 116 S.Ct. 2174, 1278-82 (1996).

**AFFIRMED.**

ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge